# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:21-cv-00066-MR

HOLDEN SCOTT SWANSON,     )
          )
     Petitioner,     )
          )   **<u>MEMORANDUM OF</u>**
vs.          )   **<u>DECISION AND ORDER</u>**
          )
STATE OF NORTH CAROLINA,     )
          )
     Respondent.     )
_____ )

**THIS MATTER** comes before the Court on the Amended Petition for Writ of Habeas Corpus filed by Petitioner Holden Scott Swanson ("the Petitioner") on March 9, 2022, pursuant to 28 U.S.C. § 2254. [Doc. 12].

## I.    BACKGROUND

The Petitioner pleaded guilty to multiple drug-related offenses in Catawba County, North Carolina in 2012 and the trial court entered four judgments against him. [Doc. 12 at 1-3]; State v. Swanson, 2022 WL 774887, *1-3 (N.C. Ct. App. March 15, 2022). On October 16, 2012, the trial court sentenced the Petitioner to active prison sentences for the first two judgments but suspended the remaining two judgments and imposed 30 months of supervised probation. Id.

The Petitioner began serving probation after completion of his active prison sentences but was subsequently charged with violating the probation terms.  Id.  On February 11, 2021, the Petitioner's probation was revoked and his suspended sentences were activated.  Id.

The Petitioner filed a direct appeal on February 16, 2021, arguing that because the judgment imposing probation did not indicate that the probationary period would run consecutively with his active sentences from the other judgments, his probationary period expired years before and the trial court lacked jurisdiction to revoke his probation.  Id.  The State of North Carolina conceded error on the issue and the North Carolina Court of Appeals agreed.  Id.  On March 15, 2022, the appellate court issued its opinion vacating the probation revocation and the Petitioner was released from custody on March 22, 2022.[1]  Id.

The Petitioner filed this present § 2254 petition on April 22, 2021 while his state appeal was pending.  [Doc. 1].   He submitted an Amended Petition on March 9, 2022.  [Doc. 12].

_____

[1] Information concerning the Petitioner's release date is taken from the North Carolina Department of Adult Correction website:  https://www.dac.nc.gov/dac-services/criminal-offender-searches.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

The Petitioner raises the following grounds for relief: (1) ineffective assistance of counsel; (2) trial court lacked jurisdiction to revoke probation; (3) malicious prosecution; and (4) unlawful confinement. [Doc. 12 at 5-11]. The Petitioner requests his sentence be vacated, along with injunctive relief and monetary damages imposed against the State of North Carolina. [Id. at 16].

Under the Antiterrorism and Effective Death Penalty Act, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a

3

petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner prematurely filed his § 2254 petition in this Court on April 22, 2021, during the pendency of his direct appeal in state court. As such, the Petitioner's state remedies were not properly exhausted before he sought habeas review, leaving this Court without proper jurisdiction to review the § 2254 petition. As such, the petition shall be dismissed for lack of jurisdiction.

Even if this Court did have jurisdiction, the § 2254 petition would still be subject to dismissal. When the petitioner in a habeas proceeding receives the relief he or she seeks to obtain through the claim, the claim may be treated as moot. Broughton v. State of North Carolina, 717 F.2d 147, 149

4

(4th Cir. 1983).  See also Taylor v. Huffman, 1994 WL 525073, *1 (4th Cir. 1994)(federal habeas claim may be rendered moot where relief sought has been achieved and no continuing collateral consequences exist).[2]

The Petitioner was granted the relief he sought on direct appeal, as his probation revocation was vacated and he was released from custody.  There are no continuing collateral consequences or case or controversy that can be redressed by a favorable decision in this proceeding.  As such, the § 2254 petition is also subject to dismissal as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[2] Collateral consequences refer to those "consequences with negligible effects on a petitioner's physical liberty of movement."  Virsnieks v. Smith, 521 F.3d 707, 718 (3d Cir. 2008).

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus [Doc. 12] is **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge